UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LEONARD J.H.,

                                          Plaintiff,          Case # 18-CV-1436-FPG

v.                                                            DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                          Defendant.
_____

**INTRODUCTION**

Plaintiff Leonard J.H. brought this appeal of the Social Security Administration's ("SSA") decision to deny him disability benefits. ECF No. 1. On September 5, 2019 the Court entered a Stipulation and Order reversing the final decision of the Commissioner and remanding the matter for further administrative proceedings. ECF No. 10. Thereafter, the Court entered a Stipulation and Order awarding Plaintiff's attorney $6,500.00 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. ECF No. 16.

In March 2022, the SSA issued a Notice of Award granting Plaintiff past-due disability benefits $151,590.00 and withholding $37,897.50—25% of the past-due amount—to pay his attorney. ECF No. 17-3 at 3. The SSA also issued two Notices of Award pertaining to Child Auxiliary Benefits, stating that each child's past due benefits totaled $40,521.00. ECF No. 17-4 at 2, 6. The Notices did not indicate whether the SSA withheld any amount for attorney's fees. *See* ECF No. 17-4. On March 7, 2023, the SSA issued corrected Notices of Award, stating that each child's past-due benefits totaled only $37,866.00. ECF Nos. 24-1, 24-2. In the corrected Notices of Award, the SSA acknowledged that it "inadvertently released all past-due benefits" but should

1

have withheld $9,466.50 from each child's past-due benefits, ECF No. 24-1 at 2; ECF No. 24-1 at 2, for a total amount of $56,830.50 withheld to pay attorney's fees. ECF No. 25 at 2.

On January 4, 2023, Plaintiff moved for $47,897.50 in attorney's fees under 42 U.S.C. § 406(b). ECF No. 17. The March 2023 recalculation of Child Auxiliary Benefits did not affect the original motion for attorney's fees. ECF No. 25 at 2.

For the reasons that follow, Plaintiff's motion is GRANTED, counsel is awarded $47,897.50 in fees, and counsel shall remit the $6,500.00 in EAJA fees to Plaintiff.

## DISCUSSION

Before turning to the merits of Plaintiff's motion, the Court addresses the issue of timeliness. Under *Sinkler v. Berryhill*, 932 F.3d 83 (2d Cir. 2019), the limitations period for filing a motion under § 406(b) is found in Federal Rule of Civil Procedure 54(d)(2)(B). *See Sinkler*, 932 F.3d at 87-88. That rule requires that a motion for attorney's fees be filed "no later than 14 days after the entry of judgment." Fed. R. Civ. P. 54(d)(2)(B)(i). Where the "judgment" is a remand for further administrative proceedings, the limitations period is subject to equitable tolling until the "conclusion of the remand proceedings." *Sinkler*, 932 F.3d at 86. Tolling is necessary because "parties who must await the Commissioner's award of benefits on remand cannot be expected to file an application for attorney's fees that are statutorily capped by the amount of an as-yet-unknown benefits award." *Id.* at 88. "Once counsel receives notice of the benefits award"—and therefore "the maximum attorney's fees that may be claimed"—the fourteen-day period starts, "just as it would apply to any other final or appealable judgment." *Id.* District courts are "empowered to enlarge that filing period where circumstances warrant." *Id.* at 89.

Under the circumstances, the Court will not reject Plaintiff's motion as untimely. Attorney Murray avers that, although the SSA issued Plaintiff's Title II Notice of Award on March 23, 2022, copies of the two Child Auxiliary Notices of Award were not sent until her firm requested copies,

which her firm did not receive until December 22, 2022. *See* ECF No. 17-2 ¶¶ 11-18. Specifically, on March 28, 2022, after Attorney Murray's firm received the Title II Notice of Award, a member of her staff contacted Plaintiff who confirmed that he had applied for Child Auxiliary Benefits with the SSA. *Id.* ¶ 13. The next day, another member of her staff contacted the local SSA office requesting copies of the Child Auxiliary Notices of Award. *Id.* ¶ 14. In August, after receiving an inquiry from the SSA as to whether Attorney Murray's firm had filed a motion for attorney fees, another member of her staff responded that the firm intended to file for attorney fees, but could not do so without the Child Auxiliary Notices of Award. *Id.* ¶ 15. Then, in December, Attorney Murray's firm received a letter from the SSA stating that the firm had twenty days to file before the SSA would release the withheld funds to Plaintiff. *Id.* ¶ 16. A staff member responded the next day and again informed the SSA that the firm had not received the requested Child Auxiliary Notices of Award. *Id.* A week later, another staff member left a voicemail again requesting the missing Notices of Award. *Id.* ¶ 17. The same day, that staff member also faxed a written request. *Id.* Finally, on December 22, 2022, Attorney Murray's firm received the missing Notices of Award by fax. *Id.* ¶ 18. Attorney Murray then filed the present motion within fourteen days of receiving the Child Auxiliary Notices of Award, on January 4, 2023. ECF No. 17. She therefore argues that the motion should be treated as timely. ECF No. 17-1 at 2-4.

The Court agrees. As the Second Circuit noted in *Sinkler*, a party cannot be "expected to file an application for attorney's fees that are statutorily capped by the amount of an as-yet-unknown benefits award," and therefore the 14-day limitations period is tolled until "counsel receives notice of the benefits award." 932 F.3d at 88. In this case, Attorney Murray avers that, although her firm received a copy of the Title II Notice of Award on March 28, 2022, it did not receive copies of the Child Auxiliary Notices of Award until December 22, 2022, and only after

her firm made four separate requests of the SSA. *See* ECF No. 17-2 ¶¶ 11-18. Therefore, the limitations period did not begin until counsel received copies of the Child Auxiliary Notices of Award. *See e.g.*, *Kathleen I. v. Commissioner of Soc. Sec.*, No. 18-CV-6289, 2022 WL 2301781, at *2 (W.D.N.Y. June 27, 2022) (receipt of Title II Notice of Award did not trigger limitations period where counsel did not receive Title XVI Notice of Award until after firm requested copy); *Ferreira v. Kijakazi*, No. 18-CV-1469, 2022 WL 123623, at *3 (S.D.N.Y. Jan. 13, 2022) (receipt of Notices of Award for plaintiff's children did not trigger limitations period where counsel had not yet received Notice of Award for plaintiff)). And, regardless, the Court would exercise its discretion to enlarge the filing period given the circumstances Attorney Murray describes.[1]

The Court now turns to the merits. The Social Security Act provides that

> [w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

42 U.S.C. § 406(b)(1)(A).

Within the 25% percent boundary, "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Abbey v. Berryhill*, No. 17-CV-06430, 2019 WL 336572, at *2 (W.D.N.Y. Jan. 28, 2019) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002)). The statute also requires "court review of [contingent fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.*

After a court confirms that the fee is within the 25% statutory boundary, it analyzes three factors to determine if the resulting fee is reasonable. Those factors are: (1) whether the requested

---

[1] The Commissioner does not appear to dispute the truth or plausibility of Attorney Murray's allegations, stating that "it is up to this Court to determine whether [those allegations are] sufficient to determine the Section 406(b) motion was timely filed." ECF No. 24 at 3.

fee is out of line with the "character of the representation and the results the representation achieved"; (2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his fee; and (3) whether "the benefits awarded are large in comparison to the amount of time counsel spent on the case," the so-called "windfall" factor. *Id.* (citation omitted).

The Court has reviewed each factor to assure that the requested fee is reasonable. As an initial matter, counsel's request for $47,897.50 in fees represents less than 25% of past due benefits—$56,830.50—and therefore does not exceed the statutory cap. *See* ECF No. 25 at 1-2. The Commissioner does not dispute this. *See* ECF No. 25 at 5.

As to the first factor, the Court finds that the requested fee is in line with the character of the representation and the results it achieved because counsel filed a motion for judgment on the pleadings with non-boilerplate arguments and obtained a remand, which ultimately led to a fully favorable decision awarding benefits to Plaintiff and to Plaintiff's children. *See* ECF Nos. 8-1, 173, 24-1, 24-2. As to the second factor, there is no evidence that counsel unreasonably delayed the proceedings in an attempt to inflate past due benefits and the potential fee award. Counsel requested no extensions of time in this matter. ECF No. 17-1 at 11.

As to the third factor, that is, whether the fee award constitutes a windfall to the attorney, the Supreme Court has directed courts to consider "whether the benefits are large in comparison to the amount of time counsel spent on the case." *Gisbrecht*, 535 U.S. at 808. This is not an invitation to apply the lodestar method, however. *Fields v. Kijakazi*, 24 F.4th 845, 854 (2d Cir. 2022) ("[T]he windfall factor does not constitute a way of reintroducing the lodestar method."). In *Fields*, the Second Circuit emphasized that the windfall analysis is primarily concerned with whether the fee was unearned. *Id.* at 856. Courts consider four factors in determining whether a

fee is unearned: (1) whether counsel has a special "ability and expertise" that permits him to be particularly efficient, (2) whether counsel's relationship with the claimant predates the case in federal court, (3) whether the claimant is satisfied with the results, and (4) the level of uncertainty surrounding the likelihood of obtaining an award of benefits and the effort it took to achieve the award. *Id.* at 854-55. "A windfall is more likely to be present in a case . . . where the lawyer takes on a contingency-fee representation that succeeds immediately and with minimal effort, suggesting very little risk of nonrecovery. That kind of unearned advantage is what the windfall concern is really about." *Id.*

 Here, the fee requested by counsel has been earned. Counsel has handled over 750 Social Security hearings at the administrative level and has written over 125 memoranda of law related to Social Security cases in the Western District of New York. ECF No. 17-2 ¶¶ 4-5. She has also provided internal seminars on Social Security appeals to her colleagues. *Id.* ¶ 5. While Attorney Murray's involvement does not predate the case in federal court, ECF No. 17-6, her firm's relationship with Plaintiff dates back to 2015, ECF No. 17-5. Counsel's efforts on behalf of Plaintiff were particularly successful, resulting in a fully favorable decision and a six-figure award of past-due benefits, along with ongoing monthly benefits, ECF No. 17-3 at 1-3, along with five-figure awards of past-due benefits and ongoing monthly benefits for his two children, ECF Nos. 24-1, 24-2. There is no indication that Plaintiff objects to counsel's fee request. Plaintiff also agreed that his attorney would receive fees equal to 25% of past-due benefits awarded, ECF No. 17-5, an amount greater than that which counsel requests. The Court recognizes that, "[i]n the absence of a fixed-fee agreement, payment for an attorney in a Social Security case is inevitably uncertain, and any reasonable fee award must take account of that risk." *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990).

Finally, while the Court acknowledges that the de facto hourly rate of $1,473.77[2] is relatively high, this Court "must consider more than the de facto hourly rate" in deciding whether there is a windfall. *Fields*, 24 F.4th at 854. Having considered counsel's specialization in Social Security matters, the length of the professional relationship, and the excellent results achieved for Plaintiff, the Court concludes that counsel's request does not constitute a windfall. *See id.* at 856. Moreover, the amount requested is below the 25% cap and the hourly rate in line with the fees that courts have approved in the past. *See e.g.*, *id.* (de facto hourly rate of $1,556.98); *John C. v. Comm'r of Soc. Sec.*, 20-CV-99, 2023 WL 2623584, at *2 (W.D.N.Y. March 24, 2023) (de facto hourly rate of $1,685.39); *Eric K. v. Berryhill*, No. 15-CV-845, 2019 WL 1025791, at *3 (N.D.N.Y. March 4, 2019) (de facto hourly rate of $1,500); *Boyd v. Barnhart*, No. 97-CV-7273, 2002 WL 32096590, at *3 (N.D.N.Y. Oct. 24, 2002) (de facto hourly rate of $1,324.52). Accordingly, the Court concludes that the requested fee of $47,897.50 is reasonable. Further, counsel must return the $6,500.00 in EAJA fees to Plaintiff.

## CONCLUSION

Plaintiff's motion for attorney's fees under § 406(b), ECF No. 19, is GRANTED and Plaintiff is awarded $47,897.50 in fees. The Court directs the Commissioner to release those funds withheld from Plaintiff's benefits award. After counsel receives the § 406(b) fee, counsel must remit the $6,500.00 EAJA fee to Plaintiff.

IT IS SO ORDERED.

Dated: April 4, 2023
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York

---

[2] $47,897.50 divided by 32.5 hours. *See* ECF No. 17-6.